[Cite as *State v. Rowser*, 2011-Ohio-575.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
| --- | --- | --- |
|  | : | JUDGES: |
| STATE OF OHIO | : | Julie A. Edwards, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | John W. Wise, J. |
|  | : |  |
| -vs- | : | Case No. 2010CA00065 |
|  | : |  |
|  | : |  |
| LUCIUS M. ROWSER | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:     Criminal Appeal from Stark County
                             Court of Common Pleas Case No.
                             2009-CR-0856

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      February 7, 2011

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOHN D. FERRERO                         ANTHONY KOUKOTAS
Prosecuting Attorney                    116 Cleveland Avenue, N.W.
Stark County, Ohio                      808 Courtyard Center
                                        Canton, Ohio  44702
BY: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

*Edwards, P.J.*

{¶1} Appellant, Lucius M. Rowser, appeals a judgment of the Stark County Common Pleas Court convicting him of having weapons while under disability (R.C. 2923.13(A)(2)) and sentencing him to five years incarceration. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} On May 29, 2009, Lora Matyas appeared at the Aultman Hospital emergency room complaining of jaw pain from a bullet lodged in the lower cavity of her mouth. She reported that appellant, who was her boyfriend, shot her in the face when they were smoking crack and beat her. Dr. Teresa Wurst examined Matyas and noted that Matyas had a one-inch scar on her left upper lip and her jaw was so swollen she could barely open her mouth an inch. A CAT scan revealed a bullet lodged in the muscle on the inside of her jaw. Metal fragments were lodged in her tongue, she had broken teeth, and the area around the bullet was infected. Matyas had surgery to remove the bullet.

{¶3} Dr. Wurst also discovered that Matyas could not bend her left arm. X-rays revealed that the tip of the bone in her forearm had been snapped off. Because of calcium deposits in the bone, Dr. Wurst determined the bone had been broken at least three weeks earlier. Matyas reported that the injury occurred when appellant twisted her arm behind her. Surgery was not an option and Matyas would have permanent stiffness and pain in her elbow.

{¶4} Finally, Wurst discovered bruising and swelling on Matyas' ankle and leg. X-rays revealed a small chip fracture in the shin bone consistent with blunt force

trauma. Matyas stated that appellant had hit her leg with a hammer. Matyas was discharged from the hospital thirteen days later.

{¶5} Canton Police obtained a search warrant for appellant's home on Third Street, S.,E., in Canton. At 5:00 p.m. on June 2, 2009, the SWAT team arrived at appellant's home to execute the warrant. When appellant failed to come out of the residence after police announced their arrival, police broke out the front window. They found appellant walking naked through the dining room and living room area of the home. He was arrested and taken to the police station while police searched his home.

{¶6} Det. Kevin Clary confiscated a .32 caliber revolver with one round of live ammunition and a spent casing, indicating that it had been fired one time. The hammer on the revolver was back, ready to fire. The gun was swabbed for DNA. Officers also found a hammer which was swabbed for DNA. A tooth, later identified as belonging to Matyas, was found in a porcelain keepsake box.

{¶7} Michael Short, a firearms expert, examined the weapon and deemed it to be operable. Short also identified the deformed bullet taken from Matyas' jaw as one fired from the revolver found in appellant's couch. DNA testing identified appellant as the source of DNA found on the revolver to a reasonable degree of medical certainty.

{¶8} Appellant was indicted by the Stark County Grand Jury on July 6, 2009, with one count of kidnapping, three counts of felonious assault and one count of having weapons while under disability. The case proceeded to jury trial. Appellant was acquitted of kidnapping and all counts of felonious assault, and convicted of weapons under disability. The court sentenced him to five years incarceration. He assigns two errors on appeal:

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING THE APPELLANT'S MOTION TO DISMISS WHERE THE INDICTMENT ERRONEOUSLY ALLEGED A PRIOR CONVICTION FOR FELONIOUS ASSAULT.

{¶10} "II. THE JURY'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

I

{¶11} In his first assignment of error, appellant alleges that the indictment for having weapons while under disability should have been dismissed because he was not convicted of felonious assault in 1997 when his conviction for felonious assault was merged into his kidnapping conviction.  He also argues use of two convictions impermissibly allowed the jury to hear "other acts" evidence.

{¶12} The indictment alleges in pertinent part:

{¶13} "......as a continuous course of conduct from on or about the 1st day of April in the year of our Lord two thousand nine, to on or about the 31st day of May in the year of our Lord two thousand nine, at the County of Stark, aforesaid, did, not having been relieved from disability, as provided in Section 2923.14 of the Revised Code, did knowingly acquire, have, carry, or use a firearm, and said LUCIUS MARVIS ROWSER, having been convicted of a felony offense of violence, to-wit: Kidnapping and Felonious Assault, in Stark County Common Pleas Court (Case No. 1997CR0750, on or about September 5, 1997 in violation of Section 2923.13(A)(2) of the Ohio Revised Code, contrary to the statute in such cause made and provided, and against the peace of dignity of the State of Ohio."  Indictment, July 6, 2009.

{¶14} It is undisputed that appellant was found guilty by a jury in September, 1997, of felonious assault and kidnapping. Appellant admitted this at trial in the instant case and did not object to the testimony of Jodi German who testified that appellant was found guilty of kidnapping and felonious assault in 1997. However, because in 1997 the court merged the kidnapping and felonious assault convictions for purposes of sentencing, he argues that he was only convicted of kidnapping.

{¶15} In *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶12, the Ohio Supreme Court stated that a conviction consists of a guilty verdict and the imposition of a sentence or penalty. However, *Whitfield* also states that a defendant may be found guilty of two allied offenses, but not sentenced on both of them. Id. at ¶17. "Because R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing." Id. at syllabus 3.

{¶16} Because the determination that appellant was guilty of both felonious assault and kidnapping remained intact, despite the merger for sentencing, the court did not err in failing to dismiss the indictment.

{¶17} Appellant also argues that because only one felony conviction was necessary to prove weapons under disability, the trial court should have excluded testimony concerning a second conviction because it was unduly prejudicial. This claim is without merit. We first note that appellant not only failed to object to the jury being instructed concerning both past offenses, counsel specifically requested that the jury be instructed that the state must prove both prior offenses. Tr. 741. Further, appellant

testified that he was involved with the court system in trying to obtain custody of his children from child protective services, testified that he had prior convictions for felonious assault and kidnapping, and, although he denied having a gun, he admitted that he knew he could not have a gun because of the past convictions. Tr. 573, 629, 654. In addition, his sister testified on appellant's behalf at appellant's insistence, and testified concerning a jail conversation in which she accused appellant of pulling a gun on his mother. Tr. 514. Thus, the other acts evidence complained of, as well as other bad acts evidence, was introduced by appellant.

{¶18} Further, appellant cannot demonstrate prejudice from the admission of the other acts evidence because he was acquitted of the charges of felonious assault and kidnapping in the instant case.

{¶19} The first assignment of error is overruled.

II

{¶20} Appellant argues that the conviction is not supported by sufficient evidence and was against the manifest weight of the evidence because he was not "convicted" of felonious assault due to the merger of the conviction with kidnapping for purposes of sentencing. He asserts that the jury was instructed that the essential element of the disability in the case sub juice was prior convictions for felonious assault and kidnapping. He argues that it would not have been possible for the evidence to prove prior convictions for both offenses because the offenses had been merged for sentencing.

{¶21} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire

record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 1997-Ohio-52, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

**{¶22}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶23}** Appellant was convicted of violating R.C. 2923.13(A)(2):

**{¶24}** "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

**{¶25}** (2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence."

**{¶26}** "Offense of violence" is defined by R.C.2901.01(A)(9):

**{¶27}** "(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161,

of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1),(2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code.

{¶28} "(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

{¶29} "(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

{¶30} "(d) A conspiracy or attempt to commit, or complicity in committing, any offense under division (A)(9)(a), (b), or (c) of this section."

{¶31} R.C. 2923.13(A)(2) defines disability to include not just a conviction of a felony offense of violence, but also an indictment for a felony offense of violence without a finding of guilt, or an adjudication as a delinquent child for the same type offense. Pursuant to Juv.R. 2(B), an adjudicatory hearing determines the child's status as a delinquent child. A determination of what action the juvenile court shall take with regard to a delinquent child takes place at a dispositional hearing. See Juv.R. 2(M). R.C. 2923.13(A)(2) thus contemplates a disability based solely on a finding of delinquency without disposition. It therefore follows that "conviction" within the meaning of the statute could include a finding of guilt even though the offense is later merged for sentencing purposes.

{¶32} As noted in assignment of error one above, the merger of his felonious assault conviction with his kidnapping conviction for purposes of sentencing did not vacate the jury's finding of guilt of felonious assault. *Whitfield*, supra, syllabus 3. There was no dispute that he was found guilty of both offenses and the court in 1997 merged them for sentencing purposes. Appellant admitted that he was found guilty of both offenses and that he was aware he was under disability from having a firearm. While appellant denied having a firearm, an operable revolver was found in the couch cushions in his residence and his DNA was found on the revolver. The victim testified that he used a gun to shoot her in the jaw. The verdict is supported by sufficient evidence and is not against the manifest weight of the evidence.

{¶33} In addition, kidnapping is a felony offense of violence and alone would create a disability such that possession of a weapon is prohibited. Therefore, even though the jury was instructed it needed to find previous convictions for both kidnapping and felonious assault, a finding of a previous conviction for either would have supported a conviction for Weapons Under Disability.

{¶34}  The second assignment of error is overruled.

{¶35}  The judgment of the Stark County Common Pleas Court is affirmed.

By: Edwards, P.J.

Farmer, J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r1207

[Cite as *State v. Rowser*, 2011-Ohio-575.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LUCIUS M. ROWSER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA00065 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES