KIRK, Appellee,

v.

KIRK, Appellant.

[Cite as *Kirk v. Kirk,* 172 Ohio App.3d 404, 2007-Ohio-3140.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–06–48.

Decided June 25, 2007.

Shannon M. Treynor, for appellant.

Lisa Walczak Music, for appellee.

WILLAMOWSKI, Judge.

{¶ 1} Appellant, Timothy Kirk, brings this appeal from the judgment of the Court of Common Pleas of Union County, Domestic Relations Division, finding him in contempt of court and ordering him to pay attorney fees for appellee, Jane Kirk.

{¶ 2} Timothy and Jane were granted a dissolution of marriage on September 15, 2003. As part of the dissolution, each was ordered to pay half of certain medical expenses within 30 days of receiving the bills. Timothy filed a motion for modification of his parenting time on August 10, 2005. On September 20, 2005, Jane filed her answer along with a motion to show cause for Timothy's failure to pay his share of the medical bills. A hearing was held on Timothy's motion on September 27, 2005. However, the magistrate refused to consider Jane's motion to show cause because the 14 days Timothy had to respond to the motion had not expired, thus making a hearing on that motion premature.[1] A hearing on that motion was scheduled for October 2005. However, on October 16, 2005, Timothy filed a petition for Chapter 7 bankruptcy, listing Jane as a creditor. This filing had the effect of creating an automatic stay on any collection proceedings. The bankruptcy petition was discharged on March 23, 2006. The trial court then set a hearing on the original show-cause motion for May 19, 2006.

---

1. A review of the transcript from this hearing reveals that the magistrate did an admirable job in handling the issue of the telephone communication given the animosity between these parties.

{¶ 3} On May 10, 2006, Jane filed a supplemental motion to show cause alleging that Timothy had failed to pay his share of medical bills submitted to him since the original motion. All of the motions were considered at the May 19, 2006 hearing. At the hearing, Jane testified that she submitted the first bills, containing expenses from January 2005 through August of 2005, to Timothy on September 20, 2005. Timothy's share of those bills totaled $239.70. Jane also testified that she submitted bills to Timothy on January 17, 2006, and April 4, 2006. His share of those bills was $361.44, bringing the total amount owed to $601.14. Jane also presented testimony that she had incurred legal expenses in the amount of $1,437.50 in an attempt to collect these funds and that these expenses were reasonable. On May 26, 2006, the magistrate entered a decision finding Timothy in contempt and ordering him to pay $601.14 in medical bills and $1,437.50 in attorney fees. The trial court adopted the magistrate's decision that same day. Timothy objected to the magistrate's decision on June 6, 2006. On September 18, 2006, the trial court overruled the objections. Timothy appeals from this judgment and raises the following assignments of error.

The magistrate abused her discretion by finding [Timothy] in contempt for the non-payment of the medical expenses which were not due nor payable prior to the show cause motion being filed in court.

The magistrate abused her discretion when ordering [Timothy] to reimburse [Jane] her legal fees incurred in a motion to show cause, as those legal fees were not necessary nor reasonable.

The trial court committed reversible erred by failing to conduct an independent review of the pleadings, orders and transcripts in the case prior to entering its judgment entry.

{¶ 4} We note that Jane has chosen not to file a brief.

If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.

App.R. 18(C). Since Jane failed to file a brief, we accept Timothy's statement of facts and issues as correct.

{¶ 5} In the first assignment of error, Timothy claims that the trial court, by adopting the magistrate's decision, erred in finding him in contempt of court. Before a matter can be reviewed by a court, the matter must be ripe. Generally, a claim is not ripe for review if it rests upon a future event that might not occur or occur as anticipated. *Texas v. United States* (1998), 523 U.S. 296,

118 S.Ct. 1257, 140 L.Ed.2d 406. The determination of whether a cause is ripe for review is made based upon the circumstances at the time of the filing, not on subsequent facts that could not have been known at the time the motion was filed. A prior disobedience to a trial court's order is a necessary antecedent to the filing of the motion to show cause. See *Bd. of Edn. of Brunswick City School Dist. v. Brunswick Edn. Assn.* (1980), 61 Ohio St.2d 290, 15 O.O.3d 352, 401 N.E.2d 440. In *Brunswick*, the Ohio Supreme Court held that a prior violation must occur before a finding of contempt can be made. Although it did not address whether the violation must occur before the filing of the motion to show cause, the logic clearly indicates that it is necessary to have a prior violation. Prior to the disobedience, the request for a finding of contempt is merely prospective in nature, as it presumes that the party will violate the court order without any affirmative act to support the claim. There is no doctrine of anticipatory contempt in our legal system. *United States v. Bryan* (1950), 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884. An adjudication of contempt relates to past conduct, not prospective conduct. *Brunswick*. Prior to the end of the time for performance, any alleged failure to perform is speculation and cannot be the basis for a contempt finding. Id. To hold otherwise would result in the dockets of the courts being filled with antagonistic parties filing motions to show cause merely because they believe the other party is going to violate the court's orders.

{¶ 6} The motion to show cause was filed on September 20, 2005, the same day that Jane testified that she submitted the bills to Timothy. Pursuant to the trial court's prior order, Timothy had 30 days from his receipt of the statements in which to reimburse Jane. Thus, his time for payment did not expire until October 20, 2005. This means that at the time the motion to show cause was filed, Timothy had not violated a court order. No evidence was presented that at the time the motion was filed any knowledge was had that Timothy intended to violate the court order. Thus, the filing of the motion to show cause was premature and not ripe for judicial review. Additionally, if Timothy had paid the bills submitted to him on September 20, 2005, the motion would have been frivolous and potentially sanctionable under Civ.R. 11 since it had no basis in fact.

{¶ 7} Although the original motion to show cause was not ripe for review, a supplemental motion to show cause alleging additional violations was filed on May 10, 2006. This supplemental motion was ripe for review in that it alleged the failure of Timothy to pay his share of medical expenses from bills presented in January and in the beginning of April. At the time of filing, more than 30 days from presentment of the bills had passed. However, this motion was filed on May 10, 2006, and the hearing on the motion was held on May 19, 2006. The local rule, recognized by the magistrate when she continued the September 27, 2005, hearing date, provides a party with 14 days in which to

respond to any motion. Union County R. 10.01. The hearing on the supplemental motion occurred before Timothy's time for response had expired. No waiver of the time to respond is in the record. Thus, the trial court erred in hearing the supplemental motion to show cause prior to the expiration of Timothy's time to respond to the motion pursuant to the rules of the court.

{¶ 8} By holding the above, this court is not entering judgment as to whether Timothy violated the court order or whether, if a violation occurred, there was justification for it. Instead, what this court is holding is that at the time the initial motion to show cause was filed, Timothy had not violated a court order, as he had just received the bills and the time for payment had not expired. Additionally, the trial court erred in holding a hearing on the supplemental motion for which the response time had not expired. The facts set forth in Timothy's brief support a finding that Timothy was not in contempt. To hold otherwise would encourage frivolous filings of motions to show cause in anticipation of a violation of a court order prior to the hearing, even though no violation had occurred at the time of the filing of the motion. For these reasons, the trial court, by adopting the magistrate's decision, abused its discretion in finding Timothy to be in contempt of court. The first assignment of error is sustained.

{¶ 9} The second assignment of error claims that the trial court erred in ordering Timothy to pay attorney fees for the contempt motion. Having sustained the first assignment of error and reversed the contempt finding, the order requiring Timothy to pay Jane's legal fees for the contempt motion must also be reversed. The claim for attorney fees is derivative of the contempt motion. If the contempt motion fails, the motion for attorney fees must also fail. Therefore, the second assignment of error is sustained.

{¶ 10} Finally, Timothy claims that the trial court failed to independently review the magistrate's decision. Having reversed the trial court, the question of whether an independent review occurred is moot.[2] Therefore, this court need not consider the third assignment of error.

{¶ 11} The judgment of the Court of Common Pleas of Union County, Domestic Relations Division is reversed and the matter remanded.

*Judgment reversed*
*and cause remanded.*

SHAW and PRESTON, JJ., concur.

---

**2.** Although the issue is moot, this court notes that the magistrate issued her decision on May 26, 2006, which is the same day on which the trial court adopted the magistrate's decision as its judgment. This obviously occurred before the parties had an opportunity to make objections.