[Cite as *State v. Polen*, 2009-Ohio-3313.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

   PLAINTIFF-APPELLEE,                     CASE NO. 6-08-14

   v.

DEANNA JEAN POLEN,                  O P I N I O N

   DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. 20082092 CRI

Judgment Affirmed

Date of Decision:  July 6, 2009

APPEARANCES:

    *Harry R. Reinhart* **for Appellant**

    *James Manken* **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, Deanna Jean Polen (hereinafter "Polen"), appeals the Hardin County Court of Common Pleas' judgment entry of sentence. For the reasons that follow, we affirm.

{¶2} On May 23, 2008, the Hardin County Grand Jury indicted Polen on nine counts, including: count one of theft in public office in violation of R.C. 2921.41(A)(1), (A)(2), a third degree felony; counts two through eight of tampering with records, violations of R.C. 2913.42(A)(1) and third degree felonies; and count nine of forgery in violation of R.C. 2913.31(A)(3), a fifth degree felony. (Doc. No. 1). The indictment stemmed from criminal conduct that occurred from on or about July 2, 2004 to October 10, 2006 while Polen was a Hardin County Treasurer's Office employee. (Id.).

{¶3} On June 3, 2008, Polen entered a plea of not guilty to each count in the indictment and was released on bond. (Doc. No. 7). On August 25-29, 2008, a jury trial was held, and, on August 29, 2009, the jury found Polen guilty on all nine counts of the indictment. (Doc. Nos. 15-24) Thereafter, the trial court ordered that a pre-sentence investigation (PSI) report be conducted and the matter be set for sentencing. (Doc. No. 24).

{¶4} On September 16, 2008, the State filed a motion for an order of restitution pursuant to R.C. 2921.41(C)(2)(b)(i) to require the defendant's

retirement system and deferred compensation program to withhold an amount equivalent to the restitution ordered by the court for the actual loss of the victim. (Doc. No. 28). On September 18, 2008, Polen filed a motion to merge all counts in the indictment for purposes of sentencing. (Doc. No. 30).

{¶5} On September 23, 2008, the trial court held a hearing on defendant's motion to merge all counts for purposes of sentencing and a sentencing hearing. (Doc. No. 37). The trial court sentenced Polen to: two (2) years imprisonment on count one, theft in office; one (1) year imprisonment on count seven, tampering with records; and one (1) year imprisonment on count eight, tampering with records. (Id.). On defendant's motion and agreement between the parties, the trial court ordered that counts two, three, four, five, six, and nine be merged with count one for sentencing. (Id.). The court ordered that the term of imprisonment for counts one, seven, and eight run consecutive to each other, for a cumulative total of four (4) years imprisonment. (Id.). With respect to counts one, seven, and eight, the trial court ordered that defendant pay court costs, a $50.00 fine, and $98,238.49 in restitution to the Hardin County General Fund pursuant to Court's Exhibit A attached to the judgment entry. (Id.).

{¶6} On November 5, 2008, Polen filed a notice of appeal from the trial court's judgment entry of sentence. (Doc. No. 44). Polen now appeals raising two assignments of error for our review.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FAILED TO ISSUE A FORFEITURE ORDER AS REQUIRED BY O.R.C. § 2929.192(A).**

{¶7} In her first assignment of error, Polen argues that the trial court's sentence is void because the trial court failed to issue a forfeiture order as required by R.C. 2929.192(A). Since the trial court failed to comply with R.C. 2929.192(A), argues Polen, the judgment entry of sentence is void. The State, however, argues that R.C. 2929.192(A) is inapplicable for two reasons: (1) Polen's criminal conduct occurred prior to R.C. 2929.192's effective date; and (2) Polen did not commit the offenses while holding a position of honor, trust, or profit, as those terms are defined under the statute. The State asserts that R.C. 2921.41(C)(2)(b)(i) is applicable, which provides that a motion for a forfeiture order may be filed "*at any time* subsequent to the conviction of the offender." As such, the State argues that the trial court did not err by failing to incorporate the forfeiture order in its judgment entry of sentence. The State also argues that Polen's assignment of error is not ripe for review since the trial court has not yet ordered forfeiture.

{¶8} As an initial matter, we disagree with the State's assertion that Polen's assignment of error is not ripe for review. The purpose of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication,

from entangling themselves in abstract disagreements * * *." *Roll v. Edwards*, 156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, ¶27, citing *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681. A claim is generally not ripe for review when it rests upon a future event that may or may not occur. *Kirk v. Kirk*, 172 Ohio App.3d 404, 2007-Ohio-3140, 875 N.E.2d 125, ¶5, citing *Texas v. United States* (1998), 523 U.S. 296, 118 S.Ct. 1257, 140 L.Ed.2d 406. Polen, however, is arguing that she suffered prejudice because the judgment entry of sentence is void as a result of the trial court's failure to incorporate the forfeiture order into its judgment entry as mandated by statute. Thus, contrary to the State's assertion, Polen is not predicating her argument on some future uncertain event; but rather, an error in the trial court's judgment entry of sentence, which had already been journalized prior to Polen's notice of appeal. (Doc. Nos. 37, 44). Neither can we conclude that Polen's assignment of error presents an abstract disagreement that would preclude our review. *Edwards*, 2004-Ohio-767, at ¶27. Therefore, we find Polen's assignment of error ripe for review.

{¶9} Statutory interpretation is a question of law reviewed de novo on appeal. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶8. De novo review is independent and without deference to the trial court's judgment. *In re J.L.*, 176 Ohio App.3d 186, 2008-Ohio-1488, 891 N.E.2d 778, ¶33. "An unambiguous statute must be applied in a manner consistent with the

plain meaning of the statutory language." *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶9.

**{¶10}** R.C. 2929.192 provides, in pertinent part:

**(A) If an offender is being sentenced for any felony offense listed in division (D) of this section** *that was committed on or after the effective date of this section***, if the offender committed the offense while serving in a position of honor, trust, or profit,** <u>and</u> *if the offender, at the time of the commission of the offense, was a member of any public retirement system or a participant in an alternative retirement plan***, in addition to any other sanction it imposes under section 2929.14, 2929.15, 2929.16, 2929.17, or 2929.18 of the Revised Code but subject to division (B) of this section, the court** *shall* **order the forfeiture to the public retirement system or alternative retirement plan in which the offender was a member or participant of the offender's right to a retirement allowance, pension, disability benefit, or other right or benefit, other than payment of the offender's accumulated contributions, earned by reason of the offender's being a member of the public retirement system or alternative retirement plan.** *A forfeiture ordered under this division is part of, and shall be included in, the sentence of the offender.* **The court shall send a copy of the journal entry imposing sentence on the offender to the appropriate public retirement system or alternative retirement plan in which the offender was a member or participant.**

\* \* \*

**(D) Division (A) of this section applies regarding an offender who is convicted of or pleads guilty to any of the following offenses** *committed on or after the effective date of this section* **that is a felony and who committed the offense while serving in a position of honor, trust, or profit:**

**(1) A violation of section \* \* \* 2921.41 of the Revised Code that is a felony of the third degree;**

\* \* \*

**(F) As used in this section:**

**(1) "Position of honor, trust, or profit" means any of the following:**

**(a) An elective office of the state or any political subdivision of the state;**
**(b) A position on any board or commission of the state that is appointed by the governor or the attorney general;**
**(c) A position as a public official or employee, as defined in section 102.01 of the Revised Code, who is required to file a disclosure statement under section 102.02 of the Revised Code;**
**(d) A position as a prosecutor, as defined in section 2935.01 of the Revised Code;**
**(e) A position as a peace officer, as defined in section 2935.01 of the Revised Code, or as the superintendent or a trooper of the state highway patrol.**

(Emphasis added). According to the plain language of the statute, R.C. 2929.192(A) is applicable when: (1) the "offender is being sentenced for any felony offense listed in division (D)"; (2) the felony offense was "committed on or after the effective date of this section"; (3) "the offender committed the offense while serving in a position of honor, trust, or profit"; **and** (4) "at the time of the commission of the offense, [the offender] was a member of any public retirement system or a participant in an alternative retirement plan."

{¶11} Although Polen was sentenced for a felony offense listed in R.C. 2929.192(D), namely theft in office in violation of R.C. 2921.41, the indictment alleged that Polen committed this offense on or about July 2, 2004 to October 10, 2006. (Doc. No. 1). R.C. 2929.192(A), however, was effective on May 13, 2008; and thus, Polen did not commit the offense on or after the effective date of the

statute. Furthermore, the indictment alleged that Polen was serving as an employee of the Hardin County Treasurer's Office at the time of her offenses. (Doc. No. 1). Being employed as an "employee" of a county treasurer's office is not a position of honor, trust, or profit as those terms are defined in R.C. 2929.192(F)(1). Therefore, R.C. 2929.192(A) does not apply to Polen, and, as such, the trial court did not err by failing to order forfeiture as part of its judgment entry of sentence.

{¶12} On the other hand, R.C. 2921.41, which codifies the criminal offense of theft in office and under which Polen was convicted, provides the procedures for restitution orders against offending public officials. It states, in pertinent part:

> **In any case in which a sentencing court is required to order restitution under division (C)(2)(a) of this section and in which the offender, at the time of the commission of the offense or at any other time, was a member of the public employees retirement system, [or other specified retirement funds or systems] * * * the entity to which restitution is to be made may file a motion with the sentencing court specifying any retirement system [or other specified retirement funds or systems] * * * to withhold the amount required as restitution from any payment that is to be made under a pension [or other funds] * * * to be paid to the offender upon the offender's withdrawal of the offender's contributions * * *. *A motion described in this division may be filed at any time subsequent to the conviction of the offender or entry of a guilty plea. * * ***

R.C. 2921.41(C)(2)(b)(i).

{¶13} Interestingly, the State appears to argue that the term "conviction" in R.C. 2921.41(C)(2)(b)(i) means "judgment of conviction" in accordance with

Crim.R. 32(C). As such, the State argues that "the filing under [this section] cannot take place until after the conviction is journalized as required by Crim.R. 32(C)." (State's Brief at 5). Crim.R. 32(C) requires that the trial court's entry set forth: "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶18. The record herein demonstrates that a jury found Polen guilty on August 29, 2008, and that the State filed a forfeiture motion on behalf of the Hardin County Treasurer's Office on September 18, 2008. (Doc. Nos. 24, 28). However, the trial court's August 29, 2008 journal entry did not meet Crim.R. 32(C)'s "sentence" requirement, because a sentencing hearing had not yet been held. (Doc. No. 24). On September 23, 2008, the trial court conducted a sentencing hearing. (Doc. No. 37). Then, on October 9, 2008, the trial court filed its judgment entry of sentence wherein it found that Polen was convicted by a jury on August 29, 2008 of counts one through nine of the indictment and sentenced Polen to a cumulative four (4) years imprisonment. (Id.). The trial court judge signed this entry, and the entry was journalized on October 9, 2008. (Id.). The October 9th entry satisfied Crim.R. 32(C)'s requirements. If the State's interpretation of the statute is correct—that "conviction" means "judgment of conviction" in accordance with Crim.R. 32(C)—then the earliest it could have filed its forfeiture motion was after October 9th. Therefore, according to its own

argument, the State's September 18th forfeiture motion was premature under R.C. 2921.41(C)(2)(b)(i) as it was filed before the conviction was journalized in conformity with Crim.R. 32(C). We, however, disagree with the State's interpretation of "conviction" in R.C. 2921.41(C)(2)(b)(i).

{¶14} To begin with, the State's argument is contrary to the plain language of the statute. R.C. 2921.41(C)(2)(b)(i) uses the term "conviction," not "judgment of conviction." A "conviction" is the "act or process of judicially finding someone guilty of a crime; the state of having been proved guilty." *State v. Tuomala*, 104 Ohio St.3d 93, 2004-Ohio-6239, 818 N.E.2d 272, ¶14, quoting BLACK'S LAW DICTIONARY (7th Ed. 1999) 335. Additionally, the Ohio Supreme Court has previously found that the term "conviction" in R.C. 2921.41 does not require that the offender be sentenced, even though the term "conviction" normally includes both the finding of guilt and the sentence. *State ex rel. Watkins v. Fiorenzo* (1994), 71 Ohio St.3d 259, 260, 643 N.E.2d 521, citing *State v. Henderson* (1979), 58 Ohio St.2d 171, 389 N.E.2d 494.

{¶15} The pertinent facts of *Watkins v. Fiorenzo* are these: Fiorenzo was elected as the Trumbull County Engineer for a term of office from January 4, 1993 to January 4, 1997. 71 Ohio St.3d 259. On November 8, 1994, a court found Fiorenzo guilty of, among other offenses, one count of theft in office in violation of R.C. 2921.41(A)(1). Id. The court made a finding of guilt on November 10,

- 10 -

1994, but the court ordered a pre-sentence investigation and set sentencing for December 14, 1994. Id.

{¶16} On November 14, 1994, Watkins, the Trumbull County Prosecuting Attorney, filed a complaint with the Ohio Supreme Court, seeking a writ of quo warranto to remove Fiorenzo from office based upon R.C. 2921.41(C)(1). Id. On December 1, 1994, Fiorenzo filed a motion to dismiss the complaint, arguing that the writ was premature because he had not yet been "convicted" since sentencing had not yet occurred. Id. at 259-60. The Ohio Supreme Court disagreed with Fiorenzo.

{¶17} R.C. 2921.41(C)(1), at that time, provided: "[a] public official * * * who is *convicted of or pleads guilty to*, theft in office [R.C. 2921.41(A)] is forever disqualified from holding any public office, employment, or position of trust in this state." *Watkins*, 71 Ohio St.3d at 260 (emphasis added). Analyzing this statutory language, the Court in *Watkins* determined that "the General Assembly placed 'convicted' on equal footing with a guilty plea"; and therefore, the word "convicted" referred only to a determination of guilt and did not include sentencing. Id., citing *In re Forfeiture of One 1986 Buick Somerset Auto.* (1993), 91 Ohio App.3d 558, 562-63, 632 N.E.2d 1351. The Court ultimately determined that Fiorenzo was disqualified from holding his elected office when he was adjudicated guilty in November 1994. *Watkins*, 71 Ohio St.3d at 261.

**{¶18}** The statutory language at issue here provides that: "[a] motion described in this division may be filed at any time subsequent to the conviction of the offender or entry of a guilty plea." R.C. 2921.41(C)(2)(b)(i). Like in *Watkins*, the statutory language here similarly places "conviction" on an equal footing with a guilty plea for purposes of filing the forfeiture motion. Therefore, pursuant to the statute's plain language and *Watkins*, we find that sentencing is not required prior to the filing of a forfeiture motion under R.C. 2921.41(C)(2)(b)(i). As such, we find that a final judgment of conviction in conformance with Crim.R. 32(C), which requires a sentence, is unnecessary prior to the filing of a forfeiture motion. All that is required to trigger the filing of the forfeiture motion under R.C. 2921.41(C)(2)(b)(i) is a judicial finding of guilt of a theft offense as provided in R.C. 2921.41(A).

**{¶19}** A judicial finding of guilt of a theft offense, as provided in R.C. 2921.41(A), against Polen was entered on August 29, 2008. (Doc. No. 24). The forfeiture motion was filed on September 18, 2008. (Doc. No. 28). As such, we find that the forfeiture motion was filed "at any time subsequent to the conviction of the offender" as provided in R.C. 2921.41(C)(b)(2)(i). Since R.C. 2921.41 is the applicable statute in this case, and the trial court proceeded in accordance with R.C. 2921.41(C)(b)(2)(i), we cannot find that the trial court erred by failing to incorporate a forfeiture order into its judgment entry of sentence as Polen argues.

**{¶20}** Polen's first assignment of error is, therefore, overruled.

## ASSIGNMENT OF ERROR NO. II

**O.R.C. §2929.19(A) [SIC] FAILS TO PROVIDE ADEQUATE NOTICE AND THE OPPORTUNITY FOR A HEARING TO THE DEFENDANT PRIOR TO FORFEITURE OF PROPERTY AND THUS VIOLATES THE FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AS WELL AS ARTICLE I §16 OF THE OHIO CONSTITUTION.**

{¶21} In her second assignment of error, Polen argues that R.C. 2929.192(A) violates federal and state constitutional due process guarantees. The State, on the other hand, argues that we need not consider the constitutionality of R.C. 2929.192(A) since it is not applicable to this case. The State alternatively argues that the statute is constitutional as it provides for a hearing prior to the court ordering the forfeiture of property.

{¶22} Having already found R.C. 2929.192(A) inapplicable herein, we also find R.C. 2929.192(A)'s constitutionality not ripe for review. As the Ohio Supreme Court has stated, "no constitutional question is ripe for judicial review 'where the case can be disposed of upon other tenable grounds.'" *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, ¶9, citing *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 105, 522 N.E.2d 489, quoting *Ireland v. Palestine, Braffetsville, New Paris, & New Westville Turnpike Co.* (1869), 19 Ohio St. 369, 373. The inquiry at this point would be purely academic, and we decline to entangle ourselves in such abstract disagreements. *Edwards*, 2004-Ohio-767, at ¶27, citing *Abbott Laboratories*, 387 U.S. at 148.

**{¶23}** Polen's second assignment of error is, therefore, overruled.

**{¶24}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jnc**