## COMMONWEALTH *vs.* JOHN A. VIUST, JR.

No. 12-P-344.

Barnstable. November 7, 2012. - September 30, 2013.

Present: TRAINOR, AGNES, & SULLIVAN, JJ.

*Contempt. Practice, Criminal,* Contempt. *Constitutional Law,* Self-incrimination. *Witness,* Self-incrimination.

A Superior Court judge did not err in finding a witness at a criminal trial in summary contempt under Mass.R.Crim.P. 43, where that rule does not require that a witness first be sworn before his refusal to testify following a judge's order to do so may subject him to summary criminal contempt [309-311], where a remark by defense counsel in reply to a question of the judge was not testimony and did not render him an adverse witness against his client [311-312], and where the process employed by the judge (i.e., holding the witness in contempt by an order made on the record in open court, and two weeks later conducting a hearing at which he made oral findings on the record in open court) satisfied the essential requirements of due process [312-313].

ADJUDICATION of contempt in the Superior Court Department by *Robert C. Rufo,* J.

*Robert Herrick* for the defendant.

*Elizabeth A. Sweeney,* Assistant District Attorney, for the Commonwealth.

AGNES, J. During the murder trial of Robert B. Vacher, John A. Viust, Jr., was called by the Commonwealth as a witness. Viust had the assistance of counsel. After hearing from Viust's counsel, the judge explained the law to Viust, and warned him that he would be found in contempt if he did not testify. Viust refused to testify. The judge found him in summary contempt under Mass.R.Crim.P. 43, 378 Mass. 919 (1979) (rule 43). For the reasons that follow, we affirm the summary criminal contempt finding.

*Background.* Vacher's trial began on November 7, 2011. On

November 17, 2011, the Commonwealth called Viust as a witness. Viust had concerns whether his testimony would incriminate him, and the judge appointed counsel for him. Outside the presence of the jury, the judge conducted an in camera hearing in accordance with *Commonwealth* v. *Martin*, 423 Mass. 496, 504-505 (1996), and found that Viust had a valid basis for an assertion of the Fifth Amendment to the United States Constitution privilege. At the Commonwealth's request, the judge granted Viust "immunity from criminal prosecution."[1] The judge thoroughly explained the scope of Viust's immunity, and told Viust he would be ordered to testify. The judge carefully explained that if Viust refused to testify, he would be violating a direct order of the court, and he could suffer further incarceration above and beyond the sentence he was currently serving. The judge formally instructed Viust as follows: "I'm now ordering you to testify in the matter of Commonwealth versus Robert Vacher." Viust confirmed that he understood this, but stated his intention to violate a direct order of the court and not testify. The judge repeated that he would hold Viust in contempt if he refused to testify. When Viust persisted in his position, the judge found him in summary contempt under rule 43.

On December 1, 2011, the judge held a hearing in the matter. The judge recited the facts on which he based his adjudication that Viust was in contempt, and imposed a sentence of ninety days to be served from and after the sentence Viust was then serving.

*Discussion.* 1. *There was a valid basis for the order of contempt.* "[I]t is not our function to second guess the considered judgment of the trial judge or to ignore the record before us. Rather, we will sustain the judge's contempt finding if, upon a careful review of the record, we conclude that the trial judge reasonably could have found that the [witness's] conduct was wilfully contumacious beyond a reasonable doubt." *Commonwealth* v. *Brunnell*, 65 Mass. App. Ct. 423, 427 (2006). Once a trial is underway, a witness who refuses to comply with a court order to testify is subject to punishment for criminal contempt under rule 43(a)(1) because such conduct disrupts and frustrates an ongoing judicial proceeding and is an affront to the

---

[1] No question is raised about the validity of this order.

court. See *United States* v. *Wilson*, 421 U.S. 309, 315-317 (1975). See also *Commonwealth* v. *Corsetti*, 387 Mass. 1, 7-8 (1982) (noting that such conduct satisfies "necessary to maintain order in the courtroom" requirement found in rule 43[a] even though refusal is respectful).

In this case, Viust argues that his conduct did not meet the requirements for summary criminal contempt because he was convicted in advance of actually testifying, in violation of the principle in *United States* v. *Johnson*, 736 F.2d 358, 363-365 (6th Cir. 1984) (*Johnson I*). There, the United States Court of Appeals for the Sixth Circuit (Sixth Circuit) held that a person cannot be found in civil contempt and incarcerated for an indefinite period of time for refusing to testify in a trial that had not yet begun. *Ibid. Johnson I* relied on *United States* v. *Bryan*, 339 U.S. 323, 341-343 (1950), in which the United States Supreme Court overturned the criminal contempt conviction of a witness who refused to produce documents covered by a Congressional subpoena duces tecum on grounds that until the witness is called to appear before the committee and answer questions or produce documents, no crime has been committed. "There is, in our jurisprudence, no doctrine of 'anticipatory contempt.' " *Id.* at 341.[2] In so ruling, the Court noted, "a witness may always change his mind." *Id.* at 330.

---

[2]See *In re McConnell*, 370 U.S. 230, 236 (1962) (reversing contempt finding against attorney who had expressed intention to ignore judge's refusal to allow offer of proof, reasoning, "we cannot agree that a mere statement by a lawyer of his intention . . . can be punished under the limited powers of summary contempt"). In *Crystal, petitioner*, 330 Mass. 583, 588-590 (1953), the Supreme Judicial Court employed reasoning similar to that in *United States* v. *Bryan, supra*, in holding that a Probate and Family Court judge had no authority to hold the petitioner in summary contempt for failing to deposit cash and bonds with the court in compliance with a decree that only entered moments before she was brought before the judge from jail. In *Pedersen* v. *Klare*, 74 Mass. App. Ct. 692, 698-699 (2009), we noted that a parent sought an order of contempt based on an electronic mail message from the other parent's attorney expressing concern about a visitation travel plan for the children, and observed, "[w]hile we are not prepared to say that there could never be a situation of contempt predicated on anticipatory repudiation in a child visitation context, we are confident that this is not such a situation." Other States have followed the lead of the Supreme Court in rejecting the doctrine of "anticipatory contempt." See, e.g., *BMO Harris Bank Natl. Assn.* v. *Bluff*, 229 Ariz. 511, 514 (Ariz. App. 2012); *In re Contempt of Dougherty*, 429 Mich. 81, 106-107 (1987); *Kirk* v. *Kirk*, 172 Ohio App. 3d 404, 408 (2007).

This case is fundamentally different from *Johnson I.* Here, unlike in *Johnson I,* the trial had begun, and Viust was in court to testify at the time he was held in contempt. The significance of this distinction was underscored when the United States Court of Appeals for the Sixth Circuit considered the *Johnson* case a second time and held that a refusal to testify at a pretrial deposition hearing constitutes a present, not a future, refusal and is punishable by contempt. *United States* v. *Johnson,* 752 F.2d 206, 210 (6th Cir. 1985).

Rule 43 does not require that a witness first be sworn before his refusal to testify following a judge's order to do so may subject him to summary criminal contempt. After being called as a witness, but before the jury entered the courtroom, Viust unambiguously refused to testify.[3] Requiring a Commonwealth's witness to assert the privilege in front of the jury could result in severe prejudice to the Commonwealth's case. See *Commonwealth* v. *Gagnon,* 408 Mass. 185, 198 (1990), *S.C.,* 430 Mass. 348 (1999) (evidence that witness exercises his Fifth Amendment right "produce[s] no relevant evidence, while inviting the jury to engage in unwarranted and impermissible speculation"); *Commonwealth* v. *Oliveira,* 74 Mass. App. Ct. 49, 57-58 (2009) (permitting witness who refuses to testify to assert Fifth Amendment privilege before jury "presents the real possibility that jurors will speculate that the witness is guilty of the crime charged [or another crime] and that the defendant is not"). Rule 43 does not require such a useless and potentially harmful gesture before a recalcitrant witness may be punished for violating a judicial order to testify.

2. *Counsel was not burdened with a conflict of interest.* Viust also argues that his trial counsel had a conflict of interest because counsel's "unsworn testimony as a percipient witness supported a summary contempt finding that had not yet become final." At the hearing on December 1, 2011, after reciting the historical facts that led to the order of contempt, the judge said to Viust's trial counsel, "I'll stop there and allow you to speak with Mr. Viust and contest anything that I've just said so far about the

---

[3]The docket provides the following description of the events: "Witness John Viust called as witness with Attorney John E. Norton present; . . . Witness Viust ordered to testify; . . . Witness Viust refuses to testify; witness found in summary contempt."

proceedings that occurred on November 17." Counsel for Viust consulted with his client and said, "Thank you Judge. No dispute so far, your Honor." Such a remark in reply to a judge's question is not testimony by the attorney, and did not render the attorney an adverse witness against his client. The judge accurately reported the occurrences on November 17, 2001. Counsel's duty of zealous advocacy toward his client did not forbid him from acknowledging that which was a matter of record. See Mass.R.Prof.C. 3.3(a), 426 Mass. 1383 (1998) (Candor Toward the Tribunal). See also Mass.R.Prof.C. 3.7(a)(2), 426 Mass. 1396 (1998) (lawyer does not compromise his duty as advocate for his client when he testifies about "an uncontested issue").

3. *The essential requirements of rule 43 were satisfied.* Although it is customary when imposing criminal contempt under rule 43 for the judge to give the offender a warning, notice, and a summary hearing as a single transaction on the occurrence of the contemptuous conduct, see *Vizcaino* v. *Commonwealth*, 462 Mass. 266, 272 (2012), the judge here satisfied the essential requirements of due process. Viust had adequate notice and an opportunity to be heard. Viust also had the benefit of counsel. Although rule 43 requires a judge to enter a judgment of summary criminal contempt on the court's docket contemporaneously with the contemptuous conduct, see *ibid.*, the judge is given time to conclude other matters and prepare the order. "The standard is one of reasonableness, and may change somewhat depending on the circumstances facing the judge." *Id.* at 272 n.7.

On November 17, 2011, the judge held Viust in contempt by an order made on the record in open court. The clerk, in turn, memorialized the judge's order on the docket as required by rule 43(a)(2). Two weeks later, on December 1, 2011, the judge conducted a hearing and made oral findings. This was the functional equivalent of issuing written findings as required by rule 43(b). Although the judge did not sign his findings in accordance with rule 43, dictating them on the record in open court and in the presence of Viust and his counsel provided Viust with knowledge of the findings and the judge's disposition, and made a record that would enable Viust to later obtain

a verbatim copy of the judge's decision.[4] This satisfied the requirements of due process. See *Fay* v. *Commonwealth,* 379 Mass. 498, 504-505 (1980). See also *Commonwealth* v. *Patton,* 458 Mass. 119, 136 (2010); *Commonwealth* v. *King,* 71 Mass. App. Ct. 737, 739-740 n.5 (2008).

The judgment finding Viust in summary criminal contempt and imposing a ninety-day sentence is affirmed.

*So ordered.*

---

[4]The Supreme Judicial Court has published for comment a recommendation by the Standing Advisory Committee on the Rules of Criminal Procedure (committee) for revisions to rule 43, which, among other things, would clarify the procedure applicable to summary criminal contempt by expressly recognizing what is now implicit under rule 43(b), namely, the judge's authority to continue the hearing for good cause shown, and the availability of three options: (1) to refer the matter for prosecution by indictment or complaint under Mass.R.Crim.P. 44, 378 Mass. 920 (1979), (2) to terminate the proceeding and discharge the accused contemnor, and (3) to proceed with summary punishment of the contemnor. According to the committee's official explanation for the proposed revisions, "Amended Rule 43(b)(iii) sets out the procedure for imposing summary punishment for contempt. It is consistent with current Rule 43(b) in requiring a finding on the record of summary contempt that sets forth the facts on which the finding is based. However, unlike the current rule, amended Rule 43(b)(iii) does not require that this finding be written or signed. If a need for a written record of this finding should arise, a transcript of the judge's on-the-record recitation of the underlying facts would suffice."