THE STATE, EX REL. CORRIGAN, PROS. ATTY., *v.* HABEREK.

[Cite as State, ex rel. Corrigan, *v.* Haberek (1988), 35 Ohio St. 3d 150.]

(No. 87-446—Decided February 10, 1988.)

*John T. Corrigan,* prosecuting attorney, *Patrick J. Murphy* and *Michael Pokorny,* for relator.

*Gold, Rotatori, Schwartz & Gibbons Co., L.P.A.,* and *Niki Z. Schwartz,* for respondent.

*Per Curiam.* Summary judgment is appropriate in actions in *quo warranto. State, ex rel. Highland Heights,* v. *Kee* (1975), 42 Ohio St. 2d 234, 71 O.O. 2d 219, 327 N.E. 2d 770; *State, ex rel. Corrigan,* v. *Gillon* (1980), 64 Ohio St. 2d 135, 18 O.O. 3d 365, 413 N.E. 2d 828. The standard which governs a motion for summary judgment is set forth in Civ. R. 56(C). That rule provides:

"* * * Summary judgment shall be rendered forthwith if the pleading, * * * written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary

judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

In order to prevail in an action in *quo warranto* under R.C. 2733.01(A) on a motion for summary judgment, relator must show that respondent unlawfully holds or exercises a public office. Relator sufficiently proved respondent's convictions by providing the relevant judgment entries. Indeed, respondent challenges only the assertion that he is unlawfully holding his public office. He does not deny having been convicted of the felonies. Inasmuch as one of these crimes, the violation of R.C. 2921.41(C)(1), statutorily disqualified respondent from holding public office, relator has successfully shown that there is no genuine issue as to any material fact in this case and that relator is entitled to judgment as a matter of law.

R.C. 2733.14 states:

"When a defendant in an action in *quo warranto* is found guilty of usurping, intruding into, or unlawfully holding or exercising an office, * * * judgment shall be rendered that he be ousted and excluded therefrom, and that relator recover his costs."

Our findings and the foregoing statute require that a writ of *quo warranto* be allowed forthwith. Relator's motion for summary judgment is therefore granted and judgment of removal is hereby issued.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.