THE STATE OF OHIO, APPELLANT, *v.* CASH, APPELLEE.

[Cite as State *v.* Cash (1988), 40 Ohio St. 3d 116.]

(No. 87-1153—Submitted November 14, 1988—Decided December 21, 1988.)

*John F. Holcomb,* prosecuting attorney, *Daniel G. Eichel* and *Gerald R. Leshner,* for appellant.

*Baden, Jones, Scheper & Crehan Co., L.P.A.,* and *Thomas P. Erven,* for appellee.

DOUGLAS, J. The issue before this court is whether a prior conviction may be used for impeachment purposes, pursuant to Evid. R. 609(A), even though sentence has not been pronounced on that conviction. We hold that such a conviction may be used for impeachment purposes.

Evid. R. 609(A) states:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment whether based upon state or federal statute or ordinance."

Further, Crim. R. 32(B) provides:

"Judgment. A judgment of conviction shall set forth the plea, the verdict or findings and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk."

Appellee contends that pursuant to Crim. R. 32(B), a "conviction" is not complete until sentence is pronounced. Appellee further contends that for impeachment purposes there is a distinct difference between a *plea* of guilty and a *verdict* of guilt. Finally, appellee relies on *State* v. *Henderson, supra,*[2] for the proposition that a judgment of conviction is not complete, pursuant to Crim. R. 32(B), until sentence is entered. Accordingly, appellee argues, his forgery charge was not a prior conviction and thus could not be used pursuant to Evid. R. 609(A), for impeachment purposes.

We do not find appellee's contentions persuasive. A close reading of *Henderson* reveals that the case had nothing to do with witness impeachment. *Henderson* was only concerned with whether a prior conviction could be used for penalty enhancement, thereby permitting a more severe punishment for a second offense of theft irrespective of the value of the property stolen. *Henderson* does not relate to the issue of whether a guilty plea without sentencing can be used as a prior conviction for impeachment purposes under Evid. R. 609(A).

Further, we find that at least for impeachment purposes, there is no significant difference between a guilty plea entered by a defendant and a guilty verdict rendered by a jury. In *Kercheval* v. *United States* (1927), 274 U.S. 220, 223, the United States Supreme Court stated that: "* * * A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. * * *" See, also, *State* v. *Bowen* (1977), 52 Ohio St. 2d 27, 28, 6 O.O. 3d 112, 112-113, 368 N.E. 2d 843, 844. Therefore, it follows that a witness has previously been convicted, for purposes of Evid. R. 609(A), where the witness has admitted guilt but is awaiting sentencing.

Our conclusion finds support, as well, in other jurisdictions. See, generally, Annotation (1984), 28 A.L.R. 4th 647; *State* v. *Reyes* (1965), 99 Ariz. 257, 408 P. 2d 400, 14 A.L.R. 3d 1262; *Forcier* v. *Hopkins* (1953), 329 Mass. 668, 110 N.E. 2d 126; see,

---

[2] The syllabus to *State* v. *Henderson, supra,* states:

"1. Where an accused has entered a plea of guilty to a theft offense but has not been sentenced by the court on that charge, such offender has not been previously convicted of a theft offense within the meaning of R.C. 2913.02(B).

"2. To constitute a prior conviction for a theft offense, there must be a judgment of conviction, as defined in Crim. R. 32(B), for the prior offense."

also, *United States* v. *Turner* (C.A. 10, 1974), 497 F. 2d 406.

Accordingly, the guilty plea by appellee to the forgery charge constituted a conviction and could be used for impeachment. Thus, we hold that a prior conviction in which pronouncement of sentence is still pending may be used for impeachment purposes pursuant to Evid. R. 609(A).

The judgment of the court of appeals is reversed and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.