[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 259.]

THE STATE EX REL. WATKINS, PROS. ATTY., *v.* FIORENZO, CTY. ENG.

[Cite as *State ex rel. Watkins v. Fiorenzo*, 1994-Ohio-104.]

*Public employment—Writ of quo warranto ousting county engineer from office*
*allowed, when—County engineer disqualified from his position when*
*adjudicated guilty of theft in office—R.C. 2921.41 (C)(1), construed.*

(No. 94-2446—Submitted December 7, 1994—Decided December 16, 1994.)

IN QUO WARRANTO.

ON MOTION TO DISMISS, MOTION FOR PEREMPTORY WRIT, AND MOTION FOR
EXPEDITED CONSIDERATION.

_____

{¶ 1} Relator, Dennis Watkins, is the Trumbull County Prosecuting Attorney. Respondent, James P. Fiorenzo, was elected as the Trumbull County Engineer for a term of office from January 4, 1993 to January 4, 1997. On November 8, 1994, following a trial in the Trumbull County Court of Common Pleas, the court found Fiorenzo guilty of one count of complicity in theft in office in violation of R.C. 2923.03 and 2921.41(A)(1), four counts of forgery in violation of R.C. 2913.31(A)(2), and one count of theft in office in violation of R.C. 2921.41(A)(1). The court made a finding of guilt on November 10, 1994, ordered a presentence investigation, and set sentencing for December 14, 1994.

{¶ 2} On November 14, 1994, Watkins filed a complaint in this court seeking a writ of quo warranto ousting Fiorenzo from the position of Trumbull County Engineer. On December 1, 1994, Fiorenzo filed a Civ.R. 12(B)(6) motion to dismiss Watkins's complaint, asserting that it fails to state a claim upon which relief can be granted. On December 5, 1994, Watkins requested a peremptory writ of quo warranto and expedited consideration.

_____

*Dennis Watkins*, Trumbull County Prosecuting Attorney, and *Patrick F. McCarthy*, Assistant Prosecuting Attorney, for relator.

*Charles E. Dunlap*, *Don L. Hanni, Jr.*, and *J. Walter Dragelevich*, for respondent.

_____

***Per Curiam.***

**{¶ 3}** R.C. 2733.14 provides that when a respondent "in an action in quo warranto is found guilty of usurping, intruding into, or unlawfully holding or exercising an office, *** judgment shall be rendered that he be ousted and excluded therefrom, and that relator recover his costs."  "A public official ***  who is convicted of or pleads guilty to, theft in office [R.C. 2921.41(A)] is forever disqualified from holding any public office, employment, or position of trust in this state."  R.C. 2921.41(C)(1).

**{¶ 4}** A public official who is convicted of theft in office is statutorily disqualified from holding public office, and a writ of quo warranto will issue to remove the official from public office.  *State ex rel. Corrigan v. Haberek* (1988), 35 Ohio St.3d 150, 518 N.E.2d 1206.  Fiorenzo concedes that he has been found guilty of several felonies, including theft in office.  However, Fiorenzo contends that the instant action is "premature since he has never been sentenced" and his motion for new trial has not been ruled upon.  Watkins contends that R.C. 2921.41(C)(1) requires only a finding of guilt and not a concomitant sentence in order to invoke the permanent disqualification sanction.

**{¶ 5}** Fiorenzo relies on *State v. Henderson* (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494, for the proposition that the word "convicted" as used in R.C. 2921.41(C)(1) includes both the guilt determination and the imposition of sentence.  In *Henderson*, at paragraphs one and two of the syllabus, we held that a defendant who has pled guilty but is awaiting sentencing for a theft offense has not been previously convicted of a theft offense within the meaning of R.C.

2913.02(B), and that in order to constitute a prior theft conviction, there must be a judgment of conviction, as defined in Crim.R. 32(B), for the prior offense. Crim.R. 32(B) provides that a "judgment of conviction shall set forth the plea, the verdict or findings, and the sentence."

{¶ 6} *Henderson* recognizes that the term "conviction" normally includes both the finding of guilt and the sentence. *State v. Carter* (1992), 64 Ohio St.3d 218, 222, 594 N.E.2d 595, 599; *State v. Poindexter* (1988), 36 Ohio St.3d 1, 5, 520 N.E.2d 568, 572; cf. *State v. Cash* (1988), 40 Ohio St.3d 116, 532 N.E.2d 111, syllabus. However, the language of R.C. 2921.41(C)(1) specifies permanent disqualification from, *inter alia*, any public office in this state if the public official is either "convicted of *or pleads guilty to*, theft in office." (Emphasis added.) Unlike in R.C. 2913.02(B), the General Assembly placed "convicted" on equal footing with a guilty plea in R.C. 2921.41(C)(1).

{¶ 7} Thus, the plain language of R.C. 2921.41(C)(1) requires only a plea of guilty to invoke the sanction of permanent disqualification. Therefore, we believe the word "convicted" as used in R.C. 2921.41(C)(1) logically refers only to a determination of guilt and does not include sentencing upon that determination. The Court of Appeals for Auglaize County in *In re Forfeiture of One 1986 Buick Somerset Auto.* (1993), 91 Ohio App.3d 558, 562-563, 632 N.E.2d 1351, 1353-1354, reached a similar conclusion in construing the phrase "pleads guilty to or is convicted" of R.C. 2933.43(C).

{¶ 8} Moreover, the public interest is best served by precluding the possibility of further illegal activities when an official has either been adjudicated guilty or pled guilty to theft in office but is awaiting sentencing. Therefore, Fiorenzo was disqualified from his position as Trumbull County Engineer when he was adjudicated guilty of theft in office in November 1994. Similarly, R.C. 2921.41(C)(1) does not specify that a pending motion for a new trial must be ruled upon in order for the disqualification upon conviction or guilty plea to become

effective.   Given the interest in a speedy resolution of this case, see R.C. 2733.39, we allow a peremptory writ of quo warranto removing Fiorenzo from the position of Trumbull County Engineer forthwith.  Fiorenzo's motion to dismiss is overruled, and Watkins's motion to expedite is granted.

*Writ allowed*.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____