[Cite as *State v. Mullins*, 2015-Ohio-3250.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-480 |
| v. | : | (C.P.C. No. 12CR06-2860) |
| Buster A. Mullins, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 13, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant.

*Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas in which the trial court declined to require defendant-appellee, Buster A. Mullins, to register as an arson offender. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} On June 8, 2012, a Franklin County Grand Jury indicted Mullins with one count of arson in violation of R.C. 2909.03. Mullins initially entered a not guilty plea to the charge. On July 18, 2012, Mullins withdrew that plea and entered a guilty plea to the count of arson, a felony of the fourth degree. The trial court accepted Mullins' plea and found him guilty. It ordered the preparation of a presentence investigation and scheduled

a sentencing hearing for September 6, 2012. Mullins was released from custody pending sentencing on a recognizance bond. However, on August 23, 2012, the trial court issued a capias for Mullins because he did not comply with the trial court's order and referrals regarding the presentence investigation. The trial court also revoked his bond.

{¶ 3} Almost two years later, Mullins filed a motion to withdraw his guilty plea in the trial court. At the time, he was incarcerated in Ohio for a theft offense that occurred in Licking County. He was returned to Franklin County and, on May 16, 2014, the trial court sentenced him to a six-month prison term for his arson conviction, to be served consecutively to the prison term he had been serving.[1] At the sentencing, the state requested the trial court to notify Mullins of his duty to register as an arson offender under Ohio's arson-offender registration scheme, R.C. 2909.13 to 2909.15, which became effective July 1, 2013, almost one year after Mullins entered his guilty plea. The trial court denied the state's request.

## II. The State's Appeal

{¶ 4} The state appeals that decision and assigns the following errors:

[1.] The trial court erred in construing the arson-registration scheme not to apply to a defendant who committed his arson offense in May 2012 and who was convicted for that offense on or after July 1, 2013.

[2.] The trial court erred in concluding that application of the arson-registration scheme would violate the Ohio Constitution's prohibition against retroactive law.

### A. Does Ohio's Arson Offender Registration Scheme Apply to Mullins?

{¶ 5} The state's first assignment of error contends that Ohio's arson-offender registration scheme applies to Mullins because he is an arson offender as that term is defined in R.C. 2909.13(B)(1). We disagree.

{¶ 6} Ohio's arson-offender registration scheme is contained in R.C. 2909.13, 2909.14, and 2909.15. Those sections list the registration requirements and the persons subject to those requirements, provide guidelines for notifying offenders of the duty to

---

[1] He withdrew his motion to withdraw guilty plea.

register and for maintaining the registry, and impose penalties for the failure to register. Under the scheme, registration is mandatory for all "arson offenders."  R.C. 2909.14(A).

{¶ 7}  R.C. 2909.13(B) defines an arson offender as:

(1)  A person who on or after the effective date of this section is convicted of or pleads guilty to an arson-related offense;

(2)  A person who on the effective date of this section has been convicted of or pleaded guilty to an arson-related offense and is confined in a jail, workhouse, state correctional institution, or other institution, serving a prison term, term of imprisonment, or other term of confinement for the offense;

(3)  A person who on or after the effective date of this section is charged with committing, attempting to commit, conspiring to commit, or complicity in committing a violation of section 2909.02 or 2909.03 of the Revised Code and who pleads guilty to a violation of any provision of Chapter 2909. of the Revised Code other than section 2909.02 or 2909.03 of the Revised Code.

{¶ 8}  Because Mullins was not incarcerated for an arson-related offense on the effective date of the law and was not charged on or after the effective date of the law, the state argues that he is an arson offender because he was convicted of or pleaded guilty to an arson-related offense on or after the effective date of the law, July 1, 2013.  R.C. 2909.13(B)(1).  The state's argument focuses on the term "convicted" because Mullins entered his guilty plea before July 1, 2013.  The state points out that the usual definition of conviction includes both a finding of guilt and the imposition of a sentence.  *State ex rel. Watkins v. Fiorenzo*, 71 Ohio St.3d 259, 260 (1994); *State v. Henderson*, 58 Ohio St.2d 171 (1979).  Accordingly, the state argues that even though Mullins entered a guilty plea before July 1, 2013, he was not "convicted" of the arson-related offense until his sentencing, which occurred after the effective date of the law.  We disagree.

{¶ 9}  The state is correct that the term conviction normally includes both the finding of guilt and the imposition of sentence.  However, the Supreme Court of Ohio and other appellate courts, including this court, have deviated from this principle, particularly when the word "convicted" is used in the phrase "convicted of or pleads guilty to."

{¶ 10} The Supreme Court in *Fiorenzo* and this court in *State v. Maye*, 129 Ohio App.3d 165, 169 (10th Dist.1998), have interpreted the word "convicted," when used in the

phrase "convicted of or pleads guilty to," to mean only the determination of guilt—not the imposition of sentence. *See also Columbus v. D'Andrea*, 10th Dist. No. 11AP-207, 2011-Ohio-6132, ¶ 12 (when statutory language places a conviction on equal footing with a guilty plea by requiring proof of either, the Supreme Court defines the term "conviction" to refer only to a determination of guilt and does not include sentencing upon that determination); *State v. Polen*, 3d Dist. No. 6-08-14, 2009-Ohio-3313, ¶ 13-18 (same). Although these cases reach this conclusion in different statutory contexts, the rationale expressed therein would seem to apply to the arson registration scheme at issue here, which contains the same phrase "convicted of or pleads guilty to."

{¶ 11} Accordingly, we interpret the word "convicted" as used in R.C. 2909.13(B)(1) to mean the determination of guilt and not the imposition of sentence. Here, Mullins' determination of guilt occurred when the trial court accepted his guilty plea and found him guilty, both of which occurred before the effective date of the statute. Accordingly, Mullins is not an arson offender as defined in R.C. 2909.13(B)(1) and Ohio's arson-offender registration scheme does not apply to him. We overrule the state's first assignment of error.

### B. The Retroactivity of the Statutory Scheme

{¶ 12} Our conclusion that Ohio's arson-offender registration scheme does not apply to Mullins renders moot the state's second assignment of error, which addressed the retroactivity of the scheme. App.R. 12(A).

### III. Conclusion

{¶ 13} We overrule the state's first assignment of error, which renders moot the state's second assignment of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, J., concurs.
BRUNNER, J., concurs separately.

BRUNNER, J., concurring separately.

{¶ 14} I concur with the decision of the majority but do so based upon the following analysis, which includes examination of the facts and procedural history as follows.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 15} Plaintiff-appellant, State of Ohio, appeals the trial court's decision declining to require defendant-appellee, Buster A. Mullins, to register as an "arson offender" under a recently enacted registration scheme contained in R.C. 2909.13 through 2909.15.[2]

{¶ 16} On June 8, 2012, a Franklin County Grand Jury indicted Mullins for one count of arson, in violation of R.C. 2909.03.  On May 29, 2012, at approximately 1:00 a.m., fire fighters of the City of Columbus Division of Fire extinguished a vehicle fire.  In investigating its cause, they found evidence that an accelerant had been used and found a wallet with contents that indicated it belonged to Mullins.  According to both Mullins and the state, Mullins was siphoning gas from a pickup truck when someone who was with Mullins lit a cigarette and accidentally ignited the gasoline fumes and the truck.  The state recited the facts at Mullins' hearing on his guilty plea, including the following:

> [W]hat Mr. Mullins really is is a thief. * * * This is essentially a theft gone about as bad as a theft can go, * * * when his co-thief lit a cigarette, thereby igniting the gasoline fumes.

(July 18, 2012 Tr. 14-15.)

{¶ 17} Despite the state's characterization of the nature of Mullins' activity, Mullins pled guilty to arson on July 18, 2012.  The trial court granted him bond pending sentencing, but Mullins failed to appear for sentencing, admitting to being a habitual user of methamphetamines, which apparently distracted him from meeting his obligation to appear.  Mullins appeared nearly two years later for sentencing on May 13, 2014, at which time the trial court sentenced Mullins to six-months incarceration at the Ohio Department of Rehabilitation and Correction, filing its sentencing entry on May 16, 2014.

---

[2] The 129th Ohio General Assembly enacted these provisions in Am.Sub.S.B. No. 70 ("S.B. No. 70"). In separate legislation, the General Assembly in Am.Sub.H.B. No. 86 modified the language in R.C. 2909.03, increasing the value of the property or amount of physical harm involved from five hundred to one thousand dollars or more as a fourth-degree felony. All other language setting forth the elements of the crimes in R.C. 2909.02 (aggravated arson) and 2909.03 (arson) have been in effect since July 1, 1996.

{¶ 18} The state requested that the trial court inform Mullins of his duty to register as an arson offender under a law that had taken effect between the time he pled guilty, July 18, 2012, and his date of sentencing, May 13, 2014, pursuant to R.C. 2909.14; the trial court declined to do so and further declared that the warden of the prison was not required to provide notice of registration to Mullins either. The trial court stated the following during the sentencing hearing concerning its decision:

> The first issue let's address is this request by the state to treat Mr. Mullins as an arson offender required to register under Ohio Revised Code Section 2909.14. This is part of the law that became effective on July 1st, 2013. An "arson offender" must register much as do sex offenders.
>
> The law was part of Senate Bill 70 which enacted the 2909.13, .14 and .15, brand new sections. This enactment came roughly a year after Mr. Mullins pleaded guilty to an arson charge in this case in July, 2012. This section at issue, 2909.13 to .15 did not exist in the Ohio Revised Code at the time Mr. Mullins pleaded guilty.
>
> New Section 2909.13(B) defines an, "arson offender", that two words in quotations, "arson offender" is a person who on or after the effective date of the section, July 1st, 2013, is convicted of or pleads guilty to an arson offense. That could include people who committed the crime before July 1st, but pled guilty after July 1st, 2013, it is as those words are written. It could also include this defendant who was not convicted until after July 1, 2013, because he capiased from the sentencing and no judgment was in place in 2012.
>
> However, in looking closely at the statute and the definitions, the court notes that an, "arson offender", is tied to the words, "arson-related offense". That second phrase is also specifically defined for the first time in the new 2013 statutes. "Arson-related offense", means a violation of 2909.02 or .03, the generic arson statutes and criminal code or any attempt or complicity to violate.
>
> However, at the time Mr. Mullins pleaded guilty, there was no such concept in Ohio statutory law as an, "arson-related offense". That did not exist because until July 1st, 2013, no one could commit an, "arson-related offense", as defined in 2909.13(A). Strictly speaking, Mr. Mullins could not have committed such a crime in May, 2012.

> Therefore, having not committed an, "arson-related offense", he cannot be an, "arson offender" who was obligated to register.
>
> Another way to analyze the same situation turns to the provisions of the Ohio Constitution that will prohibit the General Assembly from enacting retroactive laws. State v. Williams, 129 Ohio St. 3d, 344, 2011-Ohio-3374, applied that constitutional provision and invalidated retroactive application to the sex offender list law. In doing so Williams commented upon the fact that there was additional punishment implicit in the sex offender list [sic] here, failure to register as an arson offender under the 2013 law is a felony level five crime pursuant to Section 2909.15(H). Accordingly, this situation is subject to the same analysis as applied in Williams.
>
> To interpret the arson offender registration laws as retroactive would raise the same constitutional question under the State Constitution and this court declines to suggest that that's what the legislature intended when it passed a law which had some retroactivity that was unconstitutional.
>
> Accordingly, for these two reasons, both because the statutory language doesn't require it, and because the constitution prohibits retroactive laws, particularly those that add penalties, the court rules that Mr. Mullins need not be subject to the 2013 registration statutes for his crime committed more than -- or almost a year before the application of the new statutes.

(May 13, 2014 Tr. 10-14.)

{¶ 19} The state sought and obtained leave to appeal the trial court's decision to not require Mullins to register with the state as an arson offender.

## II. DISCUSSION

{¶ 20} For ease of discussion, I reiterate the state's two assignments of error:

> [I.] THE TRIAL COURT ERRED IN CONSTRUING THE ARSON-REGISTRATION SCHEME NOT TO APPLY TO A DEFENDANT WHO COMMITTED HIS ARSON OFFENSE IN MAY 2012 AND WHO WAS CONVICTED FOR THAT OFFENSE ON OR AFTER JULY 1, 2013.
>
> [II.] THE TRIAL COURT ERRED IN CONCLUDING THAT APPLICATION OF THE ARSON-REGISTRATION SCHEME

WOULD VIOLATE THE OHIO CONSTITUTION'S PROHIBITION AGAINST RETROACTIVE LAW.

{¶ 21} The trial court based its decision denying the state's request that Mullins be required to register as an "arson offender" on two independent reasons, "both because the statutory language doesn't require it, and because the [C]onstitution prohibits retroactive laws, particularly those that add penalties." (May 13, 2014 Tr. 13.) The state's two assignments of error address each one of these reasons.

## A. First Assignment of Error – Whether the Arson Registration Scheme Applies to Mullins

{¶ 22} The trial court found that R.C. 2909.13 through 2909.15, which became effective on July 1, 2013, do not apply to Mullins. The amendments at issue to the arson and related offenses chapter of the Revised Code (Chapter 2909) impose a registration requirement for "arson offenders." R.C. 2909.13(B) defines an "arson offender" as:

> (1) A person who on or after the effective date of this section is convicted of or pleads guilty to an arson-related offense;
>
> (2) A person who on the effective date of this section has been convicted of or pleaded guilty to an arson-related offense and is confined in a jail, workhouse, state correctional institution, or other institution, serving a prison term, term of imprisonment, or other term of confinement for the offense;
>
> (3) A person who on or after the effective date of this section is charged with committing, attempting to commit, conspiring to commit, or complicity in committing a violation of section 2909.02 or 2909.03 of the Revised Code and who pleads guilty to a violation of any provision of Chapter 2909. of the Revised Code other than section 2909.02 or 2909.03 of the Revised Code.

As the trial court noted, the legislature defined in statute for the first time an "arson-related offense" as:

> (1) A violation of section 2909.02 or 2909.03 of the Revised Code;
>
> (2) Any attempt to commit, conspiracy to commit, or complicity in committing either offense listed in division (A)(1) of this section.

R.C. 2909.13(A)(1) and (2).

{¶ 23} The trial court found that "arson offenders" commit "arson-related offenses" and that, since no law defining an "arson-related offense" existed at the time Mullins pled guilty, he could not, by definition, be found to be an "arson offender." However, R.C. 2909.02 and 2909.03 have been, for all intents and purposes, in effect in their current form since July 1, 1996 (*see* fn. 2.). While R.C. 2909.13(A)(1) may now define a violation of R.C. 2909.02 or 2909.03 as an "arson-related offense," a violation of either of these sections before the enactment of S.B. No. 70 has never been without consequence because the underlying law on which "arson-related offense" is based has changed little in the last nearly two decades. The trial court's reliance on "arson-related offense" not existing in the Revised Code at the time of Mullins' plea appears to be the basis for its finding that the arson registration law does not apply to him. I would not adopt or affirm the trial court's reasoning that, because "arson-related offense" did not exist in the law at the time Mullins pled guilty, he is not an "arson offender." I believe that the analysis must go further in determining whether Mullins was required to register as an "arson offender" because "a criminal offense shall be construed as referring to existing or former laws of this state." *State v. Chappell*, 127 Ohio St.3d 376, 2010-Ohio-5991, ¶ 24. R.C. 2901.04(D).

{¶ 24} Under the statutory scheme for registration, "arson offenders" can be defined in three ways. The legal application of each category is affected by an accused's or offender's status on the effective date of the new law (R.C. 2909.13(B)(2))—July 1, 2013, and in particularized situations on or after that date (R.C. 2909.13(B)(1) and (3)). The three types of "arson offenders" required to register under the amended law are: (i) those persons who are "convicted of or plead[] guilty" to arson or aggravated arson or any attempt, conspiracy, or complicity to the same on or after July 1, 2013 (R.C. 2909.13(A)(1) and (2), (B)(1)), (ii) those persons who on the effective date of the new law who are "convicted of or plead[] guilty" to an arson-related offense and are incarcerated for an arson-related offense as of July 1, 2013 (R.C. 2909.13(B)(2)), and (iii) those persons who on or after the effective date of the new law are charged with violating R.C. 2909.02 or 2909.03 (or of attempted violation, conspiracy, or complicity regarding R.C. 2909.02 or 2909.03) and who plead guilty to an offense contained in R.C. Chapter 2909 other than R.C. 2909.02 or 2909.03 after July 1, 2013. (R.C. 2909.13(B)(3)). To be classified for the

purposes of registration as an "arson offender" (and subject to the new registration law), just one of these enumerated circumstances must apply.

### 1. Definition of "arson offender" under R.C. 2909.13(B)(1) and pleading guilty

{¶ 25} Under the first circumstance, in R.C. 2909.13(B)(1), to be an "arson offender" Mullins would have had to "on or after the effective date of this section" be "convicted of or plead[] guilty to an arson-related offense."  I would begin the analysis considering first a guilty plea.

{¶ 26} Mullins was charged with arson under R.C. 2909.03 before July 1, 2013, having been indicted on June 8, 2012 for a single count of arson, a felony of the fourth degree.  He pled guilty to the indictment on July 18, 2012.  Under the "pleads guilty" language of R.C. 2909.13(B)(1), Mullins would have had to plead guilty on or after the effective date of the law (July 1, 2013) to an "arson-related offense," neither of which was the case.  Under that portion of R.C. 2909.13(B)(1) concerning "pleaded guilty" on or after the effective date of the law, Mullins is not an "arson offender."  Whether having been "convicted" makes him one is separately discussed.

### 2. Definition of "arson offender" under R.C. 2909.13(B)(2)

{¶ 27} Under the second circumstance contained in R.C. 2909.13(B), to be an "arson offender" Mullins would have had to "on the effective date of" the new law "been convicted of or pleaded guilty to an arson-related offense and [be] confined in a jail, workhouse, state correctional institution, or other institution, serving a prison term, term of imprisonment, or other term of confinement for the offense."  R.C. 2909.13(B)(2). While Mullins "on the effective date of this section" (July 1, 2013) had pled guilty to R.C. 2909.03 (substantively, an "arson-related offense"), he was not at the time confined or imprisoned for the offense to which he pled guilty "on the effective date" of the new law.[3] Under R.C. 2909.13(B)(2) he is not an "arson offender."  Again, whether having been "convicted" of arson makes Mullins an arson offender is separately discussed.

---

[3] Mullins was not imprisoned for arson under R.C. 2909.03 until after his sentencing hearing held in 2014.

### 3. Definition of "arson offender" under R.C. 2909.13(B)(3)

{¶ 28} Under the third circumstance in R.C. 2909.13(B), to be an "arson offender" Mullins would have had to "on or after the effective date of" the new law "been charged with committing, attempting to commit, conspiring to commit, or complicity in committing a violation of section 2909.02 or 2909.03 of the Revised Code" and "plead[] guilty to a violation of any provision of Chapter 2909. of the Revised Code other than section 2909.02 or 2909.03 of the Revised Code."  R.C. 2909.13(B)(3).  In other words, Mullins would had to have been charged with committing or being involved in committing aggravated arson (R.C. 2909.02) or arson (R.C. 2909.03), but pled guilty to some other crime contained in R.C. Chapter 2909 other than aggravated arson or arson. Mullins was indicted for a violation of R.C. 2909.03, arson, on June 12, 2012; he pled guilty to the indictment, R.C. 2909.03 on July 18, 2012; all of which took place before the enactment of R.C. 2909.13(B)(3).  Moreover, he pled guilty to committing arson under R.C. 2909.03, which is excepted from the third circumstance that defines an "arson offender" in R.C. 2909.13(B)(3).

### 4. Definition of "arson offender" under R.C. 2909.13(B)(1) and (2) as it applies to being "convicted"

{¶ 29} The state argues that being "convicted" under the law includes sentencing (since Mullins' sentencing occurred after the effective date of the law, while his plea hearing took place before the law took effect on July 1, 2013).  Whether "conviction" includes sentencing is the linchpin of our analysis in applying the registration law to Mullins.  If Mullins can be said under the law to be "convicted" of R.C. 2909.03 "after the effective date" of the new law, then he is required to receive notice and to register as an "arson offender."  R.C. 2909.13(B)(1).

### 5. The meaning of "convicted" in R.C. 2909.13(B)(1) and (2)

{¶ 30} In determining whether Mullins is an "arson offender" pursuant to R.C. 2909.13(B), the meaning of "convicted" as used in R.C. 2909.13(B)(1) and (2) must first be determined.  The record reflects the trial court made a specific finding of Mullins' guilt at the hearing held July 18, 2012 when Mullins pled guilty to the indictment of a single count of arson, a felony of the fourth degree.  The state argues that Mullins was "after the effective date * * * convicted of * * * an arson-related offense," (R.C. 2909.13(B)(1)) and

that, because Mullins was sentenced and incarcerated after the effective date of the law, either or both R.C. 2909.13(B)(1) and (2) apply to require him to receive notice and to register.  The state would have this court determine that "convicted of or pleads guilty to" an arson-related offense, includes not just the legal ascertainment of guilt of a criminal defendant who commits arson, but also the imposition of his or her sentence for the particular crime.  The state asserts in its first assignment of error that the trial court should have required Mullins to register as an arson offender because the trial court imposed sentence for his guilty plea to the crime of arson after the effective date of the new law.

{¶ 31} An examination of case law on the meaning of "convicted of or pleads guilty to" shows more than one application and that the meaning of these words depends on the type of criminal case in which the term is applied.  This is consistent with R.C. 2901.04(A), which provides: "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

{¶ 32} In *State v. Henderson*, 58 Ohio St.2d 171 (1979), the Supreme Court of Ohio considered whether a person who pleads guilty to a theft offense is considered "convicted" at the time of the plea for the purpose of determining if that person has previously been convicted of a theft offense.  In *Henderson*, the Supreme Court found that "conviction" means a final judgment (which includes a sentence) or "the legal ascertainment of guilt," and specifically limited its decision to situations involving theft offenses.  *Id.* at 174.  *See* syllabus.[4]  The court in *Henderson* decided that, in determining convictions of prior theft offenses, " 'the weight of authority is to the effect that the word "conviction" as used in statutes providing for increased punishment for persons formerly convicted of crime necessitates the pronouncement of sentence upon the verdict or plea of guilty in order to

---

[4] Paragraphs one and two of the syllabus in *Henderson* are as follows:

> 1. Where an accused has entered a plea of guilty to a theft offense but has not been sentenced by the court on that charge, such offender has not been previously convicted of a theft offense within the meaning of R.C. 2913.02(B).
>
> 2. To constitute a prior conviction for a theft offense, there must be a judgment of conviction, as defined in Crim.R. 32(B), for the prior offense.

obtain a judgment that is final.' " *Id.* at 178, quoting *United States v. Allen*, 566 F.2d 1193 (3d Cir.1977). The court found that, for purposes of establishing a prior conviction as an element of an offense, a guilty plea is not a "conviction" and there is no "conviction" before final judgment (which, under Crim.R. 32(C), requires that a sentence has been imposed). *Id.* at paragraphs one and two of the syllabus.

{¶ 33} Crim.R. 32.1 requires that a motion to withdraw a guilty plea "may be made only before sentence is imposed." A plea permitted to be withdrawn after sentencing is recognized by the rule to occur, when a court, in its discretion, sets aside the "judgment of conviction"[5] "to correct manifest injustice." Crim. R. 32.1. In the integrated context of *Henderson* and Crim.R. 32.1, sentencing is a more permanent circumstance than the legal ascertainment of guilt without sentence. When being convicted of or pleading guilty to a prior offense is the element of a subsequent crime, R.C. 2901.04(A) requires this construction.

{¶ 34} Applying R.C. 2901.04(A) with consistency to Mullins' situation, there is no similar contextual need for defining "is convicted of" to include sentencing. Rather, in Mullins' case, the critical element potentially defining him as an "arson offender" is whether he was "convicted of or pleaded guilty to" an arson-related offense (in Mullins' case R.C. 2909.03) "on or after the effective date" of the law. R.C. 2909.13(B)(1) and (2). Determining how R.C. 2901.04(A) affects our interpretation of "convicted of" involves determining whether registration is a "penalty," part of the "offense" of arson, or a new offense, because the law expressly instructs that its application is to "defining offenses or penalties." To determine whether to "strictly construe[] against the state, and liberally construe[] in favor of the accused," the nature of the registration scheme sought by the state to be imposed by the court must be examined. R.C. 2901.04(A).

### 6. Arson offender registration as a penalty

{¶ 35} Two other Ohio appellate districts have held that arson registration requirements are not "so punitive that they impose a new burden in the constitutional sense" under Ohio's Retroactivity Clause. *State v. Caldwell*, 1st Dist. No. C-130812, 2014-Ohio-3566, ¶ 34 (holding the registration requirement not to be an additional penalty);

---

[5] Crim.R. 32.1 utilizes the term "judgment of conviction" to denote a conviction involving sentence as a separate concept from "conviction."

*see also State v. Reed*, 11th Dist. No. 2013-L-130, 2014-Ohio-5463, ¶ 85. The courts in both of these cases recognized the arson registration scheme to be part of the offense of arson and not a separate penalty in finding no state constitutional violation when applied to an offender under R.C. 2909.13(B)(2). In reaching their decisions affecting persons already incarcerated for arson-related offenses, these other appellate courts recognized that "[r]egistration programs have 'long been a valid regulation technique with a remedial purpose.' " *Caldwell* at ¶ 35, quoting *State v. Cook*, 83 Ohio St.3d 404, 418 (1998); *see also Reed* at ¶ 84-85. I would not reach the question of the registration scheme's constitutionality in our district, but rather, observe that other districts have done so, examining some of their analyses in reaching their conclusions. I would exercise caution and decline at this time to hold the arson registration law to be an additional penalty. Rather, I would examine whether the state's arson offender registration scheme may be defined as part of a criminal offense or whether it creates a new offense.

### 7. Arson offender registration as part of a defined criminal offense

{¶ 36} Under R.C. 2909.13(B)(1) and (2), "arson offenders" are persons who have been ascertained to be guilty by either plea or by a court finding without admitting guilt. The third category, R.C. 2909.13(B)(3), is an explicit pleading guilty situation, but guilt is not pled to arson or aggravated arson, but rather, to other specific charges than originally indicted. To become an "arson offender" is to have satisfied prerequisites for "enjoining a specific duty" of registration, which under R.C. 2901.03(A), "defines" an offense. These provisions, along with the accompanying provisions of R.C. 2909.14 and 2909.15 that require registration, together may be taken to "define" a criminal offense. Their application to Mullins' situation is guided by R.C. 2901.04(A), in that they must be strictly construed against the state, and liberally construed in favor of the accused.

### 8. Arson offender registration as creating a new offense

{¶ 37} The arson offender registration scheme also creates a new crime, a felony of the fifth degree:

> Whoever fails to register or reregister as required by this section is guilty of a felony of the fifth degree. If an arson offender or out-of-state arson offender is subject to a community control sanction, is on parole, is subject to one or more post-release control sanctions, or is subject to any other type of supervised release at the time of the violation, the

> violation shall constitute a violation of the terms and
> conditions of the community control sanction, parole, post-
> release control sanction, or other type of supervised released.

R.C. 2909.15(H).  Under this analysis, the arson offender registration scheme clearly enjoins a specific duty and provides a clear penalty "for violation of such prohibition or failure to meet such duty."  R.C. 2901.03(B).  I would thus hold, when interpreting the application of R.C. 2909.13 to one legally ascertained to be guilty of an arson-related offense, the statute must be strictly construed against the state, and liberally construed in favor of the accused.  R.C. 2901.04(A).  I would therefore utilize this approach in determining whether "convicted" in R.C. 2909.13(B) includes "sentenced" for an arson-related offense, thus making Mullins an "arson offender" and subject to registration.

{¶ 38} In *State v. Maye*, 129 Ohio App.3d 165 (10th Dist.1998), in the context of a sexually oriented offense, a different context than in *Henderson*, this court found that " 'the General Assembly [had] placed "convicted" on equal footing with a guilty plea.' "  *Id.* at 170, quoting *State ex rel. Watkins v. Fiorenzo*, 71 Ohio St.3d 259, 260 (1994).  In doing so, this court relied on *Watkins*.[6]  In *Maye*, this court held that, in the context of interpreting the application of a previous "sexual predator" registration law, "convicted of or pleaded guilty to" means a legal determination of guilt rather than a final order of judgment that includes sentencing.  *Id.* at 170-71; *see In re Forfeiture of One 1986 Buick Somerset Auto.*, 91 Ohio App.3d 558, 562-63 (3d Dist.1993).  Our conclusion in *Maye* is consistent with certain definitions in R.C. Title 29 that define both "sanction" and "sentence" as distinct from the concept of being "convicted."  *See* R.C. 2929.01(DD) (" 'Sanction' means any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense.");  R.C. 2929.01(EE) (" 'Sentence'

---

[6] In *Watkins*, in the context of a crime that includes permanent disqualification from public office upon conviction or pleading guilty to a crime, the Supreme Court stated, "*Henderson* recognizes that the term 'conviction' normally includes both the finding of guilt and the sentence. *State v. Carter* (1992), 64 Ohio St.3d 218, 222, 594 N.E.2d 595, 599; *State v. Poindexter* (1988), 36 Ohio St.3d 1, 5, 520 N.E.2d 568, 572; cf. *State v. Cash* (1988), 40 Ohio St.3d 116, 532 N.E.2d 111, syllabus. However, the language of R.C. 2921.41(C)(1) specifies permanent disqualification from * * * any public office in this state if the public official is either 'convicted of or *pleads guilty to*, theft in office.' (Emphasis added.) Unlike in R.C. 2913.02(B), the General Assembly placed 'convicted' on equal footing with a guilty plea in R.C. 2921.41(C)(1)." (Emphasis sic.)  *Id.* at 260.

means the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense.").[7]

{¶ 39} This distinction between legal ascertainment of guilt and sentencing is appropriate because a criminal conviction may occur in several ways. A jury or a judge may find a criminal defendant guilty at trial, after which, when accepting the verdict or rendering judgment if a jury is waived, a defendant is pronounced guilty. To avoid a trial, a criminal defendant can and often does enter a guilty plea, a nolo contendere plea, or even an *Alford* plea,[8] the latter two having the effect of being convicted without the admission of guilt. When a criminal defendant is found guilty at trial, he or she is convicted. After the taking of a plea, regardless of type, the court (as it did in Mullins' case) finds the defendant guilty just as occurs at trial. It is at that point that the defendant is convicted of one or more crimes, thereby moving the criminal case into a sentencing phase.

{¶ 40} R.C. 2909.13(B)(1) defines an "arson offender" who must register under R.C. 2909.14 and 2909.15 as, "A person who on or after the effective date of this section is convicted of or pleads guilty to an arson-related offense." Under *Watkins*, *Maye*, and *Forfeiture of One 1986*, the meaning of "convicted" when used in this phrase is a legal determination of guilt, not a final judgment. *Watkins* at 260; *Maye* at 170-71; *Forfeiture of One 1986* at 562-63.

### 9. Applying rules of statutory construction

{¶ 41} If "convicted" were meant to include sentencing, "pleads guilty" would be extraneous and duplicative language, because pleading guilty is but one way to reach a legal ascertainment of guilt. Looking to R.C. 1.51 for the proposition that a special

---

[7] Registration under R.C. 2909.15(A) is required either after release from confinement in the case of a jail or prison sentence (R.C. 2909.15(A)(1)) or after sentencing in the case that community control is imposed (R.C. 2909.15(A)(2)).

[8] "The term '*Alford* plea' originated with the United States Supreme Court's decision in *North Carolina v. Alford* (1971), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, wherein the Supreme Court held that guilty pleas linked with claims of innocence may be accepted provided the 'defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.' *Id.*, 400 U.S. at 37, 91 S.Ct. at 167, 27 L.Ed.2d at 171. 'An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.' *Id.* An *Alford* plea has the same legal effect as a guilty plea. *State v. Vogelsong*, 3d Dist. No. 5-06-60, 2007-Ohio-4935, ¶ 15." *State v. Schmidt*, 3d Dist. No. 10-10-04, 2010-Ohio-4809, ¶ 13.

provision of statute prevails as an exception to a general statute, "pleads guilty to" is a specialized form of a legal ascertainment of guilt, also known as a criminal conviction, and it must be found to have meaning and be given effect:

> If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

R.C. 1.51.    Based on this statutory instruction, I would additionally hold that the specialized form of conviction, "pleaded guilty to," must be given effect.  The language, "been convicted of" in R.C. 2909.13(B), includes pleading guilty, and the separate recitation of it would be unnecessary and could in effect be ignored.  But this would be inapposite to the operation of R.C. 1.51.  Heeding the rules of statutory construction enacted by the legislature in applying R.C. 2909.13(B) to Mullins' situation, I would hold that, because Mullins' ascertainment of guilt for the crime of arson occurred before the effective date of the statute, even though his sentence occurred after the effective date, he was not required to be notified or to register as an arson offender under R.C. 2909.13.

### 10. Determining the application of R.C. 2909.13(B)(2), the effect of incarceration on arson offender registration

{¶ 42} I would next consider the application of R.C. 2909.13(B)(2), concerning notification and placement on the arson registry because of incarceration for an arson-related offense on the effective date of the new law, July 1, 2013.  The state argues that, were it not for the trial court's "declaration," the warden at the prison where Mullins is imprisoned would have to give Mullins notice of his duty to register under R.C. 2909.14 upon his release, because his release date post-dates July 1, 2013.  This argument is inapposite because it ignores that this is the only subdivision of R.C. 2909.13(B), (defining "arson offender") that limits its application to on the effective date of R.C. 2909.13.[9]  *Id.* at 12-14.  The legal ascertainment of guilt and imprisonment (or other confinement) must be the simultaneous status of a criminal defendant on the date of the new law, July 1, 2013.

---

[9] R.C. 2909.13(B)(1) and (3) contain language of "on or after" concerning the effective date of the legislation. Conversely, R.C. 2909.13(B)(2) contains only the word "on" in referencing the effective date of the registration law.

Mullins was not incarcerated for arson on July 1, 2013, and he cannot on the basis of R.C. 2909.13(B)(2) be defined to be an arson offender.

{¶ 43} Whether or not the trial court had imposed community control rather than prison, because Mullins is not an "arson offender," R.C. 2909.14 does not require Mullins to be noticed or to register under either R.C. 2909.13(B)(1) or (2). I would hold that the trial court was correct to declare that the warden at the prison where Mullins was to be incarcerated would not have to give Mullins notice of a duty to register under R.C. 2909.14 upon his release, even though his release date would be after July 1, 2013.

**11. Argument that application of the law to Mullins is "incongruous"**

{¶ 44} The state argues that it is incongruous that Mullins, who pled guilty to R.C. 2909.03 before the registration law took effect, but who avoided sentencing until after it took effect, should not have to register, while someone who pleaded guilty, was sentenced and was incarcerated for the same offense, all before the law took effect, does have to register. The arson registry is for "arson offenders" as defined by R.C. 2909.13(B). Mullins is not an arson offender from any definitional standpoint under R.C. 2909.13(B). Mullins is not required to receive notice or to register on the arson registry created by the new law. The registration scheme does not apply to Mullins. I would overrule the state's first assignment of error.

**B. Second Assignment of Error – Whether the Registration Scheme is Constitutional as Applied to Mullins**

{¶ 45} Because I would find that the statutory registration scheme does not apply to Mullins, I would find the state's arguments and the trial court's findings on constitutionality to be unnecessary and thereby rendered moot.

**III. CONCLUSION**

{¶ 46} Upon such findings, pursuant to App.R. 12(A)(1)(a), I would modify the judgment of the trial court, eliminating the application of the state and/or federal constitutions as a basis for its decision.

---