[Cite as *State v. Gallagher*, 2019-Ohio-4849.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ROBERT H. GALLAGHER | : | Case No. 18-CA-50 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 17-CR-364


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                November 22, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BRIAN T. WALTZ                            SCOTT P. WOOD
239 West Main Street                      120 East Main Street
Suite 101                                 Suite 200
Lancaster, OH  43130                      Lancaster, OH  43130

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Robert H. Gallagher, appeals his December 10, 2018 convictions in the Court of Common Pleas of Fairfield County, Ohio.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 28, 2017, the Fairfield County Grand Jury indicted appellant on one count of burglary in violation of R.C. 2911.12 and one count of endangering children in violation of R.C. 2919.22.  A jury trial commenced on October 24, 2018.  The jury found appellant guilty as charged.  By judgment entry filed December 10, 2018, the trial court sentenced appellant to five years of community control and one hundred eighty days in jail.

{¶ 3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 4}   "THE TRIAL COURT ERRED IN RULING THAT THE STATE WAS PERMITTED TO IMPEACH APPELLANT, UNDER EVIDENCE RULE 609, WITH EVIDENCE THAT APPELLANT ENTERED A GUILTY PLEA PURSUANT TO INTERVENTION IN LIEU OF CONVICTION, UNDER R.C.§2951.041."

I

{¶ 5}   In his sole assignment of error, appellant claims the trial court erred in ruling that the state was permitted to impeach him under Evid.R. 609 with evidence that he entered a guilty plea pursuant to intervention in lieu of conviction.  We disagree.

{¶ 6}   Whether to admit evidence pursuant to Evid.R. 609 lies in a trial court's sound discretion.  *State v. Wright,* 48 Ohio St.3d 5, 548 N.E.2d 923 (1990).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 7}   Evid.R. 609 governs impeachment by evidence of conviction of crime. Subsection (A) states the following in pertinent part:


**(A) General Rule.** For the purpose of attacking the credibility of a witness:

(2) notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

(3) notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that any witness, including an accused, has been convicted of a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance.


{¶ 8}   Evid. R. 403 provides the following:

**(A) Exclusion Mandatory.** Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

**(B) Exclusion Discretionary.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence.

{¶ 9} Prior to appellant taking the stand in his own defense, he contested appellee's intention to impeach him with a guilty plea for theft of drugs he had entered in Vinton County Common Pleas Court that resulted in him receiving intervention in lieu of conviction. Appellant argued intervention in lieu of conviction does not result in a conviction, therefore, it cannot be used for impeachment purposes. T. at 201. In support, appellant cited a case from this district, *State v. Winstead,* 5th Dist. Fairfield No. 13 CA 87, 2015-Ohio-1579. In *Winstead,* defense counsel was precluded from impeaching a witness on a "prior conviction" that resulted in the witness receiving treatment in lieu of conviction. This court noted "[w]e have recognized that a 'conviction' consists of a guilty verdict and the imposition of a sentence or penalty," therefore, the witness's participation in an intervention plan "was not a 'conviction' for drug possession for the purposes of Evid.R. 609." *Id.* at ¶ 35 and 36. In finding a conviction consists of a guilty verdict and a sentence, this court cited to a Fifth District case, *State v. Rowser,* 5th Dist. Stark No. 2010CA00065, 2011-Ohio-575, involving a challenge to the indictment, which cited the case of *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182. In *Whitfield*

at ¶ 13, the Supreme Court of Ohio held "a conviction is a determination of guilt and the ensuing sentence" in the context of allied offenses and R.C. 2941.25(A).

{¶ 10} In response, appellee cited the case of *State v. Cash,* 40 Ohio St.3d 116, 532 N.E.2d 111 (1988). T. at 199. In *Cash* at syllabus, the Supreme Court of Ohio held "[a] prior conviction in which pronouncement of sentence is still pending may be used for impeachment purposes pursuant to Evid.R. 609(A)."

{¶ 11} In the *Whitfield* case, decided after *Cash,* the Supreme Court of Ohio acknowledged the *Cash* case and distinguished it as follows at ¶ 13:

We recognize that certain decisions from this court might be read to suggest that a conviction does not necessarily require a sentence. For example, in *State v. Cash* (1988), 40 Ohio St.3d 116, 118, 532 N.E.2d 111, we held that a prior plea of guilty, without a sentence, was a "conviction" for purposes of Evid.R. 609(A) and could be used for impeachment of a witness. See also *State ex rel. Watkins v. Fiorenzo* (1994), 71 Ohio St.3d 259, 260, 643 N.E.2d 521 (holding for purposes of R.C. 2921.42(C)(1) that a guilty finding alone is sufficient to constitute a conviction). But those decisions are expressly limited to the discrete issues presented in them. See *Cash* at 118, 532 N.E.2d 111 (acknowledging precedent requiring both a finding of guilt and a sentence and limiting its own holding to impeachment under Evid.R. 609(A)); *Watkins* at 260, 643 N.E.2d 521 (recognizing that "the term 'conviction' normally includes both the finding of guilt and the sentence" and justifying its departure from that rule by the language of R.C.

2921.41(C)(1)).  Thus, these cases do not conflict with our holding today that for purposes of R.C. 2941.25(A), a conviction is a determination of guilt and the ensuing sentence.

{¶ 12} The trial court entertained the arguments of counsel and overruled appellant's motion to exclude the impeachment evidence, quoting the above cited language from *Whitfield* and stating the following (T. at 203-204):

So in State versus Whitfield, it seems to the Court that the Ohio Supreme Court, if it wanted to limit the Cash decision and the precedent established in Cash further, that it certainly had the opportunity to do so.  It did not do so.

The Court believes that the Cash decision further referenced in the Whitfield decision is controlling in this matter over the Fifth District Court of Appeals perspective in Winstead, and the Court overrules the Defense motion in limine to preclude the State from presenting evidence of the Defendant's plea of guilty in the Vinton County Common Pleas Court as to the offense of theft of drugs.

{¶ 13} As a result of the trial court's decision, appellant did not testify at trial.

{¶ 14} In *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), the United States Supreme Court held: "To raise and preserve for review the claim of

improper impeachment with a prior conviction, a defendant must testify." The *Luce* court explained the following at 41-42:

Any possible harm flowing from a district court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative. The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling. On a record such as here, it would be a matter of conjecture whether the District Court would have allowed the Government to attack petitioner's credibility at trial by means of the prior conviction.

When the defendant does not testify, the reviewing court also has no way of knowing whether the Government would have sought to impeach with the prior conviction. If, for example, the Government's case is strong, and the defendant is subject to impeachment by other means, a prosecutor might elect not to use an arguably inadmissible prior conviction.

Because an accused's decision whether to testify "seldom turns on the resolution of one factor," *New Jersey v. Portash,* 440 U.S. 450, 467, 99 S.Ct. 1292, 1301, 59 L.Ed.2d 501 (1979) (BLACKMUN, J., dissenting), a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify. In support of his motion a defendant

might make a commitment to testify if his motion is granted; but such a commitment is virtually risk free because of the difficulty of enforcing it.

{¶ 15} Several districts in Ohio have followed the *Luce* case and have held that "a defendant is required to testify if he wishes to protest a court's preliminary ruling admitting prior convictions as impeachment evidence." *State v. Smith,* 7th Dist. Mahoning No. 11 MA 120, 2013-Ohio-756, ¶ 131. See also *State v. Woods,* 8th Dist. Cuyahoga No. 79674, 2002 WL 334715, *4 (Feb. 28, 2002); *State v. Elliot,* 4th Dist. Highland No. 94CA836, 1995 WL 89732, *2 (Feb. 27, 1995); *State v. Brown,* 9th Dist. Medina No. 2091, 1992 WL 227940, *1 (Sept. 16, 1992); *State v. Utley,* 6th Dist. Lucas No. L-84-434, 1985 WL 7547, *1 (July 19, 1985).

{¶ 16} In *State v. Hanks,* 10th Dist. Franklin No. 99AP-1289, 2000 WL 1617755, *5 (Oct. 31, 2000), our colleagues from the Tenth District noted the following:

A decision on a motion *in limine* is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of an evidentiary issue. *State v. Grubb* (1986), 28 Ohio St.3d 199, 201-202. The trial court has authority to reconsider its decision on the motion and determine the admissibility of the disputed evidence in its actual context at trial. *Id.* at 202.

{¶ 17} We concur with the rationale in *Luce.* Although the trial court's ruling was definitive at the time it was made, it was subject to change as appellant's testimony

unfolded.   Because appellant did not testify, reviewing the trial court's decision "would force us to issue a decision based on speculation and would be improper."   *Hanks* at *6.

{¶ 18} The sole assignment of error is denied.

{¶ 19} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.


EEW/db